# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL RAY FIERRO,**

    Petitioner,

    v.                                                  Case No. 17-CV-1431

**JUDY SMITH,**

    Respondent.

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Daniel Ray Fierro, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Fierro alleges that his conviction for second-degree sexual assault of a child is unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

Fierro was charged with two counts of second-degree sexual assault of a child under sixteen years of age and one count of misdemeanor bail jumping, based on allegations that Fierro had sexual intercourse with a fifteen-year-old girl on at least two occasions. (*State v. Fierro,* 2014AP1270 (Wis. Ct. App. Mar. 5, 2015), Answer, Docket # 12-5 at 2.) Pursuant to a plea agreement, Fierro pled guilty to one count of second-degree sexual assault of a child under sixteen years of age. (*Id.*) After sentencing, Fierro moved to withdraw his plea, asserting that his plea was unknowing and involuntary because he was unaware of the nature of the charge to which he pled. (*Id.*)

Specifically, Fierro alleged that during the plea colloquy, the trial court did not explain the elements of the charge of sexual intercourse with a child under the age of sixteen. During the plea colloquy, the trial court noted that Fierro signed the plea questionnaire and asked whether he reviewed it with his attorney, to which Fierro responded affirmatively. (Transcript of Plea Hearing, Answer, Ex. 11, Docket # 12-11 at 4.) The trial court confirmed with Fierro that he was twenty-five years old and completed fourteen years of schooling. (*Id.*) The trial court then engaged in the following exchange with Fierro:

> THE COURT: And it says that you understand each of these charges. Did you go through the Criminal Complaint with your attorney?
>
> FIERRO: Yes.
>
> THE COURT: I see that you've gone through or at least it appears that you've gone through both the jury instructions and the chart with the elements of the crime, crimes. So your attorney explained to you each of the elements of each of these crimes; is that right?
>
> FIERRO: Yes.

(*Id.* at 4–5.) The trial court then inquired of Fierro's mental health and whether he was mentally able to proceed with his plea. (*Id.* at 5.) Fierro confirmed that he could proceed. (*Id.*) The trial court asked Fierro whether his attorney had advised him of his Constitutional rights, whether he understood those rights, and whether he understood that he was giving up those rights by entering a guilty plea, to which Fierro responded affirmatively. (*Id.* at 5–6.) The trial court then stated:

> THE COURT: I'm looking at Count 1 of the felony case file. They say that between June 1, 2012, and August 17, 2012, in Fitchburg in Dane County, that you had sexual

|            | intercourse with a child under the age of 16. Do you understand that charge? |
| ---------- | ------------------------------------------------------------------------------ |
| FIERRO:    | Yes. |
| THE COURT: | What is your plea to that charge? |
| FIERRO:    | Guilty. |

(*Id.* at 7–8.) The trial court then turned to Fierro's counsel and asked whether he believed that Fierro's pleas were knowingly and voluntarily entered, to which counsel responded yes. (*Id.* at 8.) The trial court asked Fierro's counsel whether he could rely on the facts in each complaint to support the pleas, which counsel confirmed was correct. (*Id.*) The trial court concluded that Fierro's guilty plea was knowingly and voluntarily made and found Fierro guilty. (*Id.* at 8–9.)

Later, it was discovered that Fierro's trial counsel mistakenly attached to the plea questionnaire the jury instruction for sexual *contact* with a child under the age of sixteen instead of the jury instruction for sexual *intercourse* with a child under the age of sixteen, the charge Fierro pled guilty to. (Docket # 12-5 at 2.) Fierro filed a motion for post-conviction relief, arguing that while he signed the plea questionnaire and the jury instructions attached to it, neither his trial counsel nor the trial court properly explained the elements of sexual intercourse with a child under the age of sixteen to him and he did not understand the elements of the sexual intercourse charge. (*Id.*)

The trial court denied Fierro's motion without a hearing. (*Id.* at 3.) The court of appeals reversed, finding that the trial court should have held an evidentiary hearing to give the State the opportunity to prove that Fierro was aware of the elements of the charge to which he pled and that his plea was therefore knowing and voluntary. (*Id.* at 10–11.) Thus,

the court of appeals remanded the case for an evidentiary hearing on Fierro's motion. (*Id.* at 11.)

The trial court held an evidentiary hearing on June 2, 2015. (Transcript of Evidentiary Hearing, Answer, Ex. 12, Docket # 12-14.) Only Fierro's trial counsel testified. Counsel testified that it was his procedure to review the criminal complaint with his client and provide his client with a copy of the complaint and any discovery. (*Id.* at 7.) Counsel confirmed that he followed his usual procedure in Fierro's case. (*Id.* at 7–8.) Counsel testified that he reviewed the police reports with Fierro and talked about the allegations the victim made against him. (*Id.* at 8.) Counsel testified that Fierro was very cooperative and never intended to go to trial; rather, he wanted to accept responsibility for his actions and resolve his case "in a way that was the best for him and best for everybody involved." (*Id.* at 8–9.) Counsel testified that Fierro admitted in his statement to police that he had sexual intercourse with the victim and he wanted to accept responsibility for that. (*Id.* at 9.)

Counsel testified that prior to Fierro's plea, he would have gone over whatever he was pleading to with him. (*Id.* at 10.) Counsel stated that he was comfortable that Fierro was admitting to having had sexual intercourse with the victim. (*Id.* at 13.) Counsel acknowledged that the complaint served as the factual basis for the plea and in the complaint, Fierro states "I know I made a mistake, yes we did have sex." (*Id.* at 13–14.) Further, the police reports noted that Fierro discussed attempting to wear a condom with the victim, but if fell off, and the fact that the victim became pregnant and suffered a miscarriage. (*Id.* at 25.)

Counsel testified that he never discussed the difference between sexual contact and sexual intercourse with Fierro because his charge was never amended; however, if Fierro

4

had disputed having sexual intercourse with the victim, he would have tried to negotiate that as part of the plea agreement. (*Id.* at 15–16.) Counsel acknowledged that he probably printed the wrong jury instruction off and attached it to the plea questionnaire. (*Id.* at 21.)

Counsel also testified that the only specific memory he had of reviewing elements with Fierro was on January 29 when the plea questionnaire was filled out, and agreed that he mistakenly attached the jury instructions for sexual contact instead of sexual intercourse. (*Id.* at 23.) Counsel testified: "I made a mistake here, and I'm certainly disappointed that I put the wrong elements onto the plea questionnaire. That was obviously not something that I intended to do. But the only basis that I would have to say that [Fierro] understood what it was was based on the overall nature of what we were dealing with." (*Id.* at 28.)

After hearing counsel's testimony, the trial court concluded that the State met its burden of proving that Fierro knowingly and voluntarily entered his guilty plea. (*Id.* at 30–42.) Fierro appealed, and the court of appeals affirmed, finding that the evidence in the record supported the trial court's finding that, for purposes of the plea colloquy, Fierro understood the meaning of the term "sexual intercourse." (*State v. Fierro,* 2015AP1246 (Wis. Ct. App. Aug. 10, 2016), Docket # 1-1.) The Wisconsin Supreme Court denied Fierro's petition for review on December 13, 2016. (Docket # 1-1 at 8.) Fierro timely filed a petition for writ of habeas corpus on October 18, 2017. (Docket # 1.)

## STANDARD OF REVIEW

Fierro's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

5

Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained that:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565–66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

## ANALYSIS

Fierro argues that he is entitled to habeas relief because his guilty plea to second-degree sexual assault of a child was not knowingly and voluntarily made. The crux of Fierro's claim for relief is that the jury instructions attached to the plea questionnaire signed by Fierro were instructions for sexual *contact* with a child under the age of sixteen, not sexual *intercourse* with a child under the age of sixteen. Fierro contends that even if he generally understands the definition of "sexual intercourse," the operative period for determining his understanding of the nature of the crime is at the time of taking the plea, and the elements Fierro's counsel went over with him were those attached to the plea questionnaire—the elements for sexual contact. (Petitioner's Br., Docket # 13.)

To be entitled to federal habeas relief, Fierro must show that the court of appeals' decision rejecting his claim that his plea was constitutionally defective was either contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. Fierro fails to meet this burden. A plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving, or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent

7

admission of guilt. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). "Without adequate notice of the nature of the charge against him, or proof that he in fact understood the charge, the plea cannot be voluntary in this latter sense." *Id*. The Supreme Court has indicated that adequate notice of the offense to which a defendant pleads can be satisfied either by "an explanation of the charge by the trial judge or at least a representation by defense counsel that the nature of the offense has been explained to the accused." *Id*. at 647.

Fierro argues that the State could not rely on evidence beyond the scope of the plea hearing itself to prove his plea was knowingly and voluntarily made. (Petitioner's Reply Br. at 3, Docket # 22.) Fierro is incorrect. As the court of appeals noted, the trial court was entitled to look at the record as a whole in determining whether Fierro knowingly and voluntarily entered his plea (Docket # 1-1 at 6), including the testimony from the post-conviction evidentiary hearing.

The court of appeals relied on the following facts in support of the trial court's conclusion that Fierro's guilty plea was knowingly and voluntarily made: (1) during the plea colloquy, the trial court specifically asked Fierro whether he understood that he was charged with, and pleading guilty, to "sexual intercourse with a child under the age of 16" and Fierro responded affirmatively; (2) Fierro was familiar with the police reports in which he stated that the victim became pregnant and had a miscarriage and that he tried to use a condom but it fell off; (3) at the plea hearing, when asked whether the criminal complaint, which alleged that Fierro had sexual intercourse with a child, provided a sufficient factual basis to support the plea, Fierro's counsel responded affirmatively. (*Id.* at 5–6.)

The court of appeals also considered evidence obtained from the post-conviction evidentiary hearing, specifically that: (4) Fierro's counsel testified that he would have gone

over in advance of the hearing what Fierro was pleading to and he felt comfortable at the time that Fierro knew he was pleading to sexual intercourse; (5) counsel testified that he would not have permitted Fierro to enter a plea if he thought Fierro did not understand the offense to which he was pleading; (6) counsel believed Fierro was of average intelligence and did not display any difficulty understanding the elements of the offense when they talked about the case; (7) counsel testified he reviewed the police reports and victim's allegations with Fierro and Fierro made clear he wanted to take responsibility for his conduct; and finally (8) counsel explained that had Fierro ever indicated that he had sexual contact, but not sexual intercourse, with the victim, he would have used that information for purposes of negotiations with the prosecutor. (*Id.* at 5–6.)

Fierro does not show that the court of appeals' conclusion contravenes federal law or unreasonably determined the facts in light of the evidence. Again, the Supreme Court has indicated that adequate notice of the offense to which a defendant pleads could be satisfied either by "an explanation of the charge by the trial judge or at least a representation by defense counsel that the nature of the offense has been explained to the accused." 426 U.S. at 647. Here, as discussed above, the court of appeals found that the record supports that for purposes of the plea colloquy, Fierro understood the meaning of the term "sexual intercourse," despite the inclusion of the jury instructions for "sexual contact" with the plea questionnaire. Fierro's trial counsel testified that he went over the criminal complaint with Fierro and the criminal complaint clearly alleged "sexual intercourse." (Docket # 12-14 at 9, 14.) The criminal complaint served as the factual basis for Fierro's plea and counsel indicated that the facts in the complaint were sufficient to support the plea. (Docket # 12-11 at 8.)

Fierro's counsel also testified that he never discussed the difference between sexual intercourse and sexual contact with Fierro because sexual contact was never at issue—Fierro was charged with sexual intercourse and the charge was never amended. Counsel testified that because the charge was never amended "I wouldn't have had a reason to talk to [Fierro] about the difference between those things." (Docket # 12-14 at 15.) Considering counsel's testimony; the fact the criminal complaint alleged sexual intercourse and Fierro was given the complaint by counsel; and Fierro's statement during the plea colloquy that he understood he was charged with, and was pleading guilty to, "sexual intercourse with a child under the age of 16" (Docket # 12-11 at 7–8), the court of appeals' finding that Fierro's guilty plea was knowingly and voluntarily made is not an unreasonable conclusion. *See Hall*, 106 F.3d at 748–49 ("The statutory 'unreasonableness' standard allows the state court's conclusion to stand if it is one of several equally plausible outcomes."). For these reasons, Fierro is not entitled to habeas relief.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

Jurists of reason would not find it debatable that Fierro is not entitled to habeas relief. Thus, I will deny Fierro a certificate of appealability. Of course, Fierro retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of August, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge